1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

EDJUAN C. SCOTT,

          Plaintiff,

   v.

VALLADALIS, *et al.*,

          Defendants.

Case No.  1:20-cv-00752-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED

(ECF No. 5)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Edjuan C. Scott ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on May 28, 2020.  (ECF No. 1.)  Plaintiff filed a motion to proceed *in forma pauperis* together with a certified copy of his inmate trust account statement on June 15, 2020.  (ECF No. 5.)

In his motion, Plaintiff also requests that the Court withdraw the complaint filed in Case No. 1:20-cv-00705-AWI-BAM, stating that the instant action contains a complaint that adds additional defendants.  (ECF No. 5, p. 3.)  Plaintiff also requests that the Court send him a "motion filing guide, with names of each motion to be filed by both Plaintiff and Defendants."  (Id.)

1

It appears Plaintiff is requesting voluntary dismissal of Case No. 1:20-cv-00705-AWI-BAM.  If Plaintiff wishes to file a request for voluntary dismissal of that case, he should file a separate motion in that action, labeled with the correct case number in the caption, and not attached to any other motions for any other cases.  As his request has been filed in the wrong case, the Court denies the request as moot.  As to Plaintiff's request for a motion filing guide, Plaintiff is informed that the Court does not keep such a guide and refers Plaintiff to the Court's Local Rules and the Federal Rules of Civil Procedure for further information.  Plaintiff is reminded that the Court does not provide legal advice.

As to Plaintiff's motion to proceed *in forma pauperis*, Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2]  Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  Plaintiff raises various claims regarding excessive force, failure to protect, retaliation, and due process.  (ECF No. 1.)  All of the named defendants are employees of Corcoran State Prison in Corcoran, California, where the events in the complaint are alleged to have occurred.  However, at the time the complaint was filed, Plaintiff was housed at Salinas Valley State Prison in Soledad, California.  Therefore, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed, because he is no longer housed at the institution where the violations allegedly occurred and where the Defendants are employed.  Plaintiff has not satisfied the exception from the three strikes bar

---

[1] The Court takes judicial notice of the following United States District Court Cases: (1) Scott v. Pittsburg Police Dep't, Case No. 5:09-cv-00862-JF (N.D. Cal.) (dismissed May 15, 2009, as duplicative and for failure to state a claim); (2) Scott v. Clawson, Case No. 3:09-cv-01751-RS (N.D. Cal.) (dismissed October 18, 2010, for failure to state a claim); and (3) Scott v. Beles & Beles Law Firm, Case No. 4:15-cv-01240-DMR (N.D. Cal.) (dismissed June 9, 2015, for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

under 28 U.S.C. § 1915(g), and Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1.  The motion to proceed *in forma pauperis*, (ECF No. 5), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2.  Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 17, 2020**          /s/ *Barbara A. McAuliffe*          
                                       UNITED STATES MAGISTRATE JUDGE